### TILTON v. CONDRIGHT.

Supreme Court. March, 1814.

*Clayton's Notebook, 182.*

*Hall,* for the plaintiff, contended, that this parol testimony was admissible, for it appears most clearly upon the very face of the declaration that the plaintiff was not entitled to recover in that form of action more than one year's rent; and that such testimony did not contradict but supported the record.

*Clayton, contra.* To be sure, the declaration is defective, but the defendant perhaps supposed that he was liable for the whole sum demanded to its full extent; and that it would be idle to turn the plaintiff round *quisquis potest renunciare juri* etc. Defendant relinquished the advantages of demurring, and confessed judgment generally so that the judgment is as extensive as the demand. This proffered testimony, therefore, contradicts the record, which imports absolute verity.

PER [CURIAM]. JOHNS, C. J. A majority of the Court think the evidence admissible and that it explains, without contradicting, the record.

(NOTE. CHIEF JUSTICE JOHNS *contra,* [I] understood that R. COOPER and DAVIS admitted the testimony.)

CHIEF JUSTICE JOHNS' charge. This cause turns on the point whether a tenant for a determinate period is compellable to give notice to the landlord of his intention to quit and give up the premises at the end of the term. We all hold not. He has fulfilled his contract and need not go beyond it by giving notice.

Verdict for defendant.